United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

        v.

MINH TRUNG NGO,

    Defendant and Movant.
_____/

No. CR 08-461 PJH
C 11-0298 PJH

**ORDER DENYING MOTION TO VACATE SENTENCE**

Before the court is petitioner Min Trung Ngo's ("Ngo") motion to vacate his sentence under 28 U.S.C. § 2255. Having reviewed the parties' papers, the record, and having carefully considered their arguments and the relevant legal authorities, the court hereby DENIES the petition.

**BACKGROUND**

Movant Minh Trung Ngo is currently serving a sentence imposed by this court. On July 15, 2008, Ngo was named in five counts in a fourteen-count indictment. In count one, Ngo was charged with eighteen other defendants with conspiring to possess with the intent to distribute under 21 U.S.C. § 846: (1) mixtures and substances containing a detectable amount of ecstasy or MDMA; and (2) 100 or more marijuana plants. Ngo was also charged in four additional substantive counts with knowingly and intentionally distributing and

possessing with intent to distribute mixtures and substances containing a detectable amount of ecstasy or MDMA on or around July 24, 2007 (count five); November 9-10, 2007 (count seven); November 30, 2007 (count nine); and April 5, 2008 (count eleven).  On November 5, 2008, the government filed an information alleging two prior convictions for purposes of enhancing the penalty under 21 U.S.C. § 841, including a 2003 conviction for possession of ecstasy and a 2005 conviction for possession of marijuana for sale.

On November 5, 2008, Ngo entered an open guilty plea to all five counts.  In her presentence investigation report, the probation officer calculated Ngo's United States Sentencing Guidelines ("guidelines") range at 121 to 151 months in prison, and recommended a sentence of 121 months.  The government objected in its sentencing memorandum and at the hearing, and contended that Ngo's guideline range was actually 188 to 235 months, and requested a sentence of 188 months.  Ngo agreed with the probation officer's guidelines calculation, but requested that the court depart from the guidelines and sentence him to 120 months, the statutory mandatory minimum.

Following argument, the court agreed with the guideline range proffered by the probation officer and Ngo.  The court, however, sentenced Ngo to a mid-range guidelines sentence of 135 months.

Ngo did not appeal his sentence.

On January 18, 2011, Ngo filed a pro se motion to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255.  In his January 18, 2011 motion, Ngo argued:  (1) that his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) that he received ineffective assistance of counsel when his counsel (i) failed to make certain arguments re: the application of a sentencing enhancement under U.S.S.G. § 3B1.1, and (ii) failed to timely investigate and negotiate a favorable plea agreement; and (3) that the court erred in making an upward departure under U.S.S.G. § 4A1.3.

In its January 21, 2011 order to show cause, the court denied two of Ngo's claims - those involving the sentencing guidelines - as without merit because the court did not enhance Ngo's sentence under § 3B1.1, nor did it depart upward under § 4A1.3.  Pursuant

to that order, the only remaining claims were: (1) that Ngo's sentence is unconstitutional under *Apprendi*; and (2) that he received ineffective assistance of counsel when his counsel failed to timely investigate and negotiate a favorable plea agreement. The court ordered the government to respond to Ngo's motion, which it did on February 18, 2011.

Pursuant to that order, Ngo's reply was due March 23, 2011. Ngo, however, failed to file a reply, and in a May 31, 2011 motion filed with the court, Ngo suggested that he did not receive the government's February 18, 2011 opposition. Accordingly, in conjunction with its June 20, 2011 order, the court provided Ngo with a copy of the government's February 18, 2011 opposition brief and extended Ngo's deadline for filing a reply brief to July 20, 2011. Ngo filed his reply on July 8, 2011, and the matter is now fully briefed.

## DISCUSSION

The government opposes Ngo's motion as untimely. It notes that Ngo filed his motion on January 18, 2011, more than nine months after his April 14, 2010 deadline for filing the motion under 28 U.S.C. § 2255(f). Anticipating this argument, Ngo contended in his opening motion, and has reiterated in his reply, that he is actually innocent, and argues that this actual innocence claim overcomes any time bar.

In *Schlup v. Delo*, the Supreme Court held that a habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s]" considered on the merits. 513 U.S. 298, 314-15 (1995); *see also House v. Bell*, 547 U.S. 518, 537 (2006) (applying gateway to exhaustion requirements). Until recently, the Ninth Circuit had not decided whether actual innocence can overcome the one-year statute of limitations in cases brought under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir.2002) ("the question to be answered is whether surviving the rigors of this gateway has the consequence of overriding AEDPA's one-year statute of limitation, a legal question not yet decided by this Circuit or the Supreme Court"). In 2010, though, in a habeas action brought by a state prisoner pursuant to 28 U.S.C. § 2254, the Ninth Circuit joined several other circuits in holding that there is no actual

innocence exception to override the statute of limitations in habeas cases. *Lee v. Lampert*, 610 F.3d 1125, 1136 (9th Cir. 2010). Presumably, this ruling would apply to § 2255 motions as well. *See United States v. Avila*, 2010 WL 3448378 at *2 (E.D. Cal. 2010) (holding that the Ninth Circuit's holding in *Lee* was equally applicable to § 2255 action). However, on February 8, 2011, the Ninth Circuit granted rehearing *en banc* in *Lee* to review the panel's decision holding that there is no actual innocence exception to the habeas statute of limitations. 633 F.3d 1176 (9th Cir. 2011). The case was argued before the *en banc* court on March 23, 2011, but a decision has not yet been issued. Accordingly, it is unclear whether an actual innocence claim could overcome the time bar in a habeas case in this circuit.

Assuming, though, that a claim of actual innocence remains available, the court finds that Ngo's claim does not overcome the time bar in this case. The actual innocence standard "is demanding and permits review only in the 'extraordinary' case." *Bell*, 547 U.S. at 538. In *Schlup*, the Supreme Court recognized that actual innocence is concerned with factual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. 513 U.S. at 324. The *Schlup* exception to the statute of limitations does not apply to a person who does not claim actual innocence, but rather "asserts only procedural violations without claiming actual innocence." *Johnson v. Knowles,* 541 F.3d 933 (9th Cir. 2008).

Under actual innocence, a petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Bell,* 547 U.S. at 536–37. To do so, the petitioner must present "new reliable evidence" not presented in the context of trial. *Id.* at 537. Then, based on all of the evidence, both old and new, "the court must make a probabilistic determination about what reasonable, properly instructed jurors would do. " *Id.* at 538. "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

At his change of plea hearing, Ngo admitted that he was not actually - or in other words, factually - innocent of the charges.  Specifically, he admitted to the elements of all five counts to which he pled guilty on the record at the hearing.  November 5, 2008 Transcripts at 30-37, Exh. 2, Govt. Opp  There is no new evidence that calls into question Ngo's admissions, let alone establishes that Ngo is actually innocent.

For these reasons, Ngo's § 2255 motion to vacate is DENIED as time-barred.

**IT IS SO ORDERED.**

Dated:   July 19, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge